**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

UNITED STATES OF AMERICA,      :
                                      :

v.                                    :

                                    :    Case No.: 1:23-CR-00023 (WLS-ALS-5)

GARRY ALLEN HARRIS,         :

                                      :

     Defendant.              :

                                      :

_____ :

## <u>ORDER</u>

Before the Court are Defendant's Motion to Reveal the Deal (Doc. 118), Motion to Participate in Voir Dire (Doc. 119), and Motion for Bill of Particulars (Doc. 120), each filed on April 18, 2024. For the reasons discussed below, Defendant's Motions are **DENIED**.

## I.   <u>RELEVANT BACKGROUND</u>

On August 8, 2023, Defendant Garry Harris ("Defendant") and four additional defendants were indicted by a grand jury in an eight-count Indictment (Doc. 1). Defendant was charged in Count 1 with Conspiracy to Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and in Counts 2 and 4 with Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. (Doc. 1). The Indictment alleges that, from on or about January 20, 2022, to on or about September 12, 2022, Defendant and the other named codefendants knowingly and intentionally conspired to possess with the intent to distribute methamphetamine. (*Id.* at 1). The Indictment further alleges that on or about January 31, 2022, and on or about February 24, 2022, Defendant and other codefendants knowingly and intentionally possessed methamphetamine with the intent to distribute. (*Id.* at 2, 4).

Defendant filed the instant Motions on April 18, 2024. The Government filed Responses (Docs. 127 & 128) to the Motion to Reveal the Deal and Motion for Bill of Particulars, respectively. The Government did not submit a response to the Motion to Participate in Voir Dire, and the time to do has long since expired. As such, Defendant's Motions are ripe for review

## II.   MOTION TO REVEAL THE DEAL (DOC. 118)

A defendant's due process rights require the government to disclose information that is both favorable to a defendant and material either to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Such favorable evidence includes both exculpatory and impeachment evidence. *See Giglio v. United States*, 405 U.S. 150, 153–54 (1972). "Exculpatory or impeachment evidence is material for the purpose of *Brady* 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Breedlove v. Moore*, 279 F.3d 952, 961 (11th Cir. 2002) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985). Certainly, any "deal" between the government and a witness could be subject to disclosure under *Brady* and *Giglio*.

Incorporating these disclosure obligations, the Court's Standard Pretrial Order directs the Government to provide to the defense any information and material "which may be favorable to the defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976), and *Kyles v. Whitley*, 514 U.S. 419 (1995)." (Doc. 77 at 2). This includes the statements of "codefendant[s] or co-conspirator[s] who will be [] government witness[es] and which will be favorable to the defendant." (*Id.*) The Government must also disclose "the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of *Giglio v. United States*, 405 U.S. 150 (1972) and *Napue v. Illinois*, 360 U.S. 264 (1959)." (*Id.* at 3). As for information and witness statements governed by the Jencks Act, 18 U.S.C. § 3500, the Court's policy requires disclosure of such material no later than the day before the anticipated testimony of the witness. (*Id.* at 1).

In the instant Motion, Defendant requests that the Government be compelled to disclose (1) the existence and substance of any agreements, inducements, etc. offered to any of the co-defendants, co-conspirators, or other persons connected to this case, (2) all writings, recordings, and photographs related to any such offers or inducements, including offers of immunity, and (3) the details of any bargains reached with any witnesses or potential witnesses, including those that may not have been consummated or were otherwise voided. (Doc. 118). The Government states in its Response (Doc. 128) that any "deals" made with the codefendants will be in the form of plea agreements which are available to Defendant's counsel

via CM/ECF. The Government states that if other agreements are reached, they will be provided to Defendant in the same manner.[1] (*Id.*)

To the extent the Government retains information subject to disclosure under *Brady* and excluded from the plea agreements made in this case, the Court notes once more the Government's continuing duty to timely and affirmatively produce such evidence to Defendant's counsel. Upon review, however, it appears that at this time the Government has complied with its disclosure obligations. Accordingly, Defendant's Motion to Reveal the Deal (Doc. 118) is **DENIED**, without prejudice.

## III.   MOTION TO PARTICIPATE IN VOIR DIRE (DOC. 119)

Courts have broad discretion in determining the appropriate manner in which voir dire is conducted. Fed. R. Crim. P. 24(a). This discretion includes having attorneys submit questions in writing for the Court's review rather than allowing attorneys to question venire members directly. *United States v. Hill*, 643 F.3d 807, 831 (11th Cir. 2011). This Court directs all parties to file and email their proposed jury instructions and proposed voir dire questions "no later than one business day prior" to the pretrial conference. (*See e.g.*, Doc. 224 at 3). After receiving the parties' voir dire questions, it is the Court's practice to conduct voir dire in its entirety, and where appropriate, incorporate a number of the questions submitted by the parties along with those questions asked by the Court. The Court, however, provides counsel for each party the opportunity to ask prospective jurors follow-up questions directly. The parties may also propose additional questions as may be necessary.

Here, Defendant moves the Court to allow his counsel to participate in the voir dire examination, contending that defense counsel's participation is necessary to ensure the effectiveness of the jury selection process, the defense's use of preemptory strikes, and more generally, Defendant's right to a fair trial. (Doc. 119). The Court agrees with Defendant that excluding counsel from the voir dire process entirely may violate the Constitution. As noted above, however, defense counsel will be given the opportunity to participate in voir dire by submitting proposed voir dire questions for the Court's consideration and by asking follow-up

---

[1] At the time the Government filed its Response on May 8, 2024, it had entered into plea agreements with three of four codefendants. (*See* Docs. 93, 106, & 109). The fourth codefendant pleaded guilty on August 28, 2024. (*See* Doc. 189).

questions to jurors directly, as well as submitting additional questions if necessary. Thus, the Court is satisfied that its existing voir dire procedure is fair as a matter of law and will provide Defendant's counsel ample opportunity to observe, participate as permitted, and discern the information needed for the defense's use of preemptory strikes and strikes for cause.

Accordingly, Defendant's Motion to Participate in Voir Dire (Doc. 119) as proposed and exceeding as described above is **DENIED**, without prejudice. Both the Government and Defendant may submit their proposed voir dire questions to the Court by **no later than Tuesday, March 4, 2025**, as noted in the Court's Notice of Pretrial Conference (Doc. 224).

## IV.   MOTION FOR BILL OF PARTICULARS (DOC. 120)

Motions for a Bill of Particulars are governed by Federal Rule of Criminal Procedure 7(f), which provides that a defendant may move for a bill of particulars within 14 days after arraignment or, with the Court's permission, at a later time. "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution . . . ." *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985). A bill of particulars is not required where the information sought has already been provided by other sources, such as the indictment and discovery, U*nited States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990), and it "is not designed to compel the government to [provide] detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980).

Here, Defendant seeks the following information:

1)   Evidence that Defendant was not serving a sentence in the Department of Corrections for any of the offenses listed at the commencement of the instant offense;

2)   Identification of the means by which Defendant conspired with named codefendants to distribute methamphetamine and any supporting evidence of a relationship between the parties;

3)   Instances in which Defendant was in possession of methamphetamine, present during any transaction, spoke to codefendant Nikki Crabtree-Booth on a recorded phone call, or was involved in any surveillance involving said codefendant; and

4)   Instances in which Defendant was in possession of methamphetamine, present during any transaction, spoke to codefendants Wallace Eric

4

Strickland, Ryan Daniel Farr, and Arryn Brittany Jones on a recorded phone call, or was involved in any surveillance involving these codefendants.

(Doc. 120 at 3–4).

On May 8, 2024, the Government responded that it had provided Defendant with extensive discovery materials, and that the information sought has already been provided to the Defendant. (Doc. 127). Specifically, the Government states that it has provided to Defendant audio, written summaries, and information related to cell phone dumps, and that such "material is searchable by any terms Defendant chooses to employ—such as the investigative reports."[2] (*Id.* at 3). The Government contends that, while not an exhaustive recitation of the various acts allegedly committed by Defendant and other codefendants, the multiple-count Indictment (Doc. 1) is responsive to many of Defendant's requests and provides adequate notice to Defendant of the charges against him. (*Id.* at 6–7).

Indeed, the Indictment in this case sets forth the statutes involved in the charges against Defendant and tracks the language of those statutes. The Indictment also describes the alleged offenses undertaken by Defendant and his codefendants in the furtherance of an alleged criminal conspiracy and provides specific dates these offenses are alleged to have occurred and the alleged substances involved.

Based on the information in the Indictment, along with the materials provided to Defendant by the Government, the Court finds that Defendant has been informed of the charges against him with sufficient precision to prepare his defense, minimize surprise at trial, and plead double jeopardy in the event of a later prosecution for the same offense. *See Cole*, 755 F.2d at 760–61. Accordingly, Defendant's Motion for Bill of Particulars (Doc. 120) is **DENIED**, without prejudice, as moot.

## CONCLUSION

In sum, Defendant's Motion to Reveal the Deal (Doc. 118) and Motion to Participate in Voir Dire (Doc. 119), as proposed and exceeding as described above, are **DENIED**, without prejudice. Defendant's Motion for Bill of Particulars (Doc. 120) is **DENIED** without prejudice, as moot.

---

[2] The Court notes that Defendant makes no argument as to the sufficiency, or lack thereof, of the materials provided to him by the Government. (*See generally* Doc. 120).

As previously noticed, a pretrial conference in this matter will be held on Wednesday, March 5, 2025, at 3 P.M. at the C.B. King United States Courthouse.

**SO ORDERED**, this 12th day of February 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**