**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : |
| GARRY ALLEN HARRIS, | : CASE NO.: 1:23-CR-00023 (WLS-ALS-5) |
| Defendant. | : |

## ORDER

Before the Court is Defendant's Motion to Strike Sentence Enhancement Provision (Doc. 234) ("Motion to Strike"), filed on March 6, 2025. Therein, Defendant moves to strike the sentence enhancement provision under 21 U.S.C. § 851 contained in the Indictment (Doc. 1). For the reasons set forth below, the Motion to Strike is **DENIED, without prejudice**.

## I.  BACKGROUND

On August 8, 2023, Defendant Garry Harris ("Defendant") and four additional defendants were indicted by a grand jury in an eight-count Indictment (Doc. 1). Defendant was charged with one count of Conspiracy to Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and two counts of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2. (Doc. 1). The Indictment also alleged a recidivist enhancement, pursuant to 21 U.S.C. § 851, by setting forth facts concerning Defendant's prior convictions for Possession of a Controlled Substance with Intent to Distribute and Robbery by Force. (*See* Doc. 1). On September 12, 2023, the Government filed a Sentence Enhancement Information (Doc. 69), which stated the previous convictions to be relied upon.

Previously, on February 5, 2025, this case was noticed for a pretrial conference to be held on March 5, 2025. (Doc. 224). Hours before the conference was to begin, the Parties

notified the Courtroom Deputy that Defendant wished to change his plea and enter a plea of guilty during the conference. The Court, however, noticed the change of plea hearing for the following day, Thursday, March 6, 2025, and proceeded with the previously pending pretrial conference where the Parties announced ready for trial, subject to Defendant's pending change of plea. After the pretrial conference concluded, Defendant moved to continue the change of plea hearing, which the Court granted. The Court, however, held a status conference on March 6, 2025, during which the Court became aware of the instant Motion to Strike (Doc. 234), which was filed on the Docket that morning. At the conclusion of the status conference, the Court provided the Government with time to respond to Defendant's Motion, as is the normal practice of the Court. The Government filed its Response (Doc. 237) on March 11, 2025.

## II.   LAW AND ANALYSIS

Section 851 sets forth specific procedural requirements which must be followed before an enhanced sentence is imposed based on a prior felony drug conviction. *See United States v. James*, 642 F.3d 1333, 1338 (11th Cir. 2011) (quoting *United States v. Cespedes*, 151 F.3d 1329, 1331 (11th Cir. 1998) ("[F]or the court to exercise jurisdiction to impose an enhanced sentence based on prior convictions . . . the government must comply with the procedural requirements of Title 21 U.S.C. § 851.")). The Government must first file "an information with the court (and serve[] a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." § 851(a)(1). "If the defendant is then found guilty of, or pleads guilty to, the underlying offense, the court must ask the defendant, after conviction but before sentence is imposed, 'whether he affirms or denies that he has been previously convicted as alleged in the information.'" *United States v. Espinal*, 634 F.3d 655, 662 (2d Cir. 2011) (quoting § 851(b)). At the same time, the court also "shall inform [the defendant] that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." § 851(b).

At the next step, "if the defendant 'denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information.'" *Espinal*, 634 F.3d at 662 (quoting § 851(c)(1)). A copy of the response must be served on the Government, after which the district court must "hold a hearing to determine

2

any issues raised by the response which would except the person from increased punishment." § 851(c)(1). The hearing must be before the court without a jury, and either party is allowed to introduce evidence. *Id.* The Government bears the burden of proof beyond a reasonable doubt on any issue of fact. *Id.* The defendant, however, bears the burden of proof by a preponderance of the evidence on any issue of fact raised if he asserts that the prior conviction was obtained in violation of the Constitution. *Id.* § 851(c)(2). If the defendant does not respond to the information, the court will proceed to sentencing. *James*, 642 F.3d at 1338 (citing § 851(d)(1)).

Here, as an initial matter, the Court notes that moving to strike factual allegations from an indictment setting forth the basis for the enhancement is procedurally incorrect under § 851(c). The language of the statute is clear that any challenges to the validity of a prior conviction or a denial of an alleged prior conviction shall be filed as a written response to the *information* filed by the Government, not as a motion to strike sections of the indictment. *See* § 851(c)(1). Notwithstanding this procedural deficiency, even were the Court to construe Defendant's Motion to Strike parts of the Indictment as a written response to the Sentencing Enhancement Information, any decision on the motion is premature at this stage in the proceedings.

As the Government correctly notes, because Defendant has not yet pleaded guilty or been convicted by a jury of any substantive offense, the issue of whether Defendant's prior convictions qualify as predicate offenses under § 851 is not ripe for decision. In other words, the Court cannot make a determination on the applicability of the enhancement unless and until Defendant is convicted of any offense alleged in the Indictment. As such, Defendant's Motion to Strike (Doc. 234) is premature and thus **DENIED, without prejudice**.

## CONCLUSION

In sum, Defendant's Motion to Strike (Doc. 234) is **DENIED, without prejudice**, as premature. Pending Defendant's change of plea or conviction following a trial by jury, Defendant may file a written response to the Information, in accordance with § 851(c), when and if he is convicted of any of the offenses charged in the Indictment. Following the receipt

Case 1:23-cr-00023-WLS-ALS    Document 238    Filed 03/12/25    Page 4 of 4

of such written response, the Court will, if necessary, hold a hearing in accordance with the provisions of § 851(c).

Additionally, Counsel for the Government and Defendant are **ORDERED** to confer and inform the Court, in writing, whether any further hearings are required in this case **within seven (7) days** of the entry of this Order, or **by no later than Wednesday, March 19, 2025**. If no such hearings are necessary, this case will proceed to trial during the Court's Albany Division April 2025 trial term as previously noticed.

**SO ORDERED**, this 12th day of March 2025.

                               **/s/ W. Louis Sands**
                               **W. LOUIS SANDS, SR. JUDGE**
                               **UNITED STATES DISTRICT COURT**

4