# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | :   CASE NO.: 1:23-CR-00023 (WLS-ALS-5) |
| GARRY ALLEN HARRIS, | : |
| | : |
| Defendant. | : |
| | : |

## ORDER

Before the Court are Defendant's Motion for Continuance of Sentencing Hearing ("Motion to Continue") (Doc. 258) and Motion to Strike Untimely Presentence Report Amendments or, in the alternative, Continue Sentencing ("Motion to Strike") (Doc. 260). In the Motion to Continue, Defense Counsel requests a continuance of the sentencing hearing currently scheduled for June 25, 2025.[1] Counsel explains that a continuance is necessary for several reasons. First, Defendant filed a "motion to void sentence" in Worth County Superior Court, and a hearing has been scheduled for June 10, 2025, the outcome of which could potentially impact the calculation of Defendant's criminal history score in the instant case. (Doc. 258 ¶ 1). Second, Counsel intends to file for a hearing to challenge the application of a sentencing enhancement under 21 U.S.C. § 851, which will necessitate the Court holding a hearing on that issue prior to imposing a sentence in this case. (*Id.*) Finally, Counsel contends that additional time will be necessary to file any objections to the Presentence Report ("PSR") due to the complexity of this case. (*Id.*) Thus, Defendant requests that the Court continue the sentencing hearing to August. (*Id.* ¶ 2). Defendant also notes that the Government does not oppose the requested continuance. (*Id.* ¶ 1).

Upon review, the Court finds that good cause now exists to warrant a continuance of the upcoming sentencing hearing and is necessary for Defense Counsel to effectively prepare

---

[1] The Court notes that this is Defendant's second motion requesting a continuance of the sentencing hearing. The Court denied the first motion (Doc. 243), finding that Defense Counsel's leave of absence for personal reasons did not warrant a continuance, especially given that the sentencing hearing was noticed more than ninety days in advance and Counsel had more than sixty days to prepare for the hearing, even taking her intended leave into account. (*See* Doc. 254).

for such. Thus, Defendant's Motion for Continuance of Sentencing Hearing (Doc. 258) is **GRANTED**. Accordingly, the sentencing hearing currently set for Wednesday, June 25, 2025, is **CANCELLED**. The Court will notice a new hearing by separate Order or notice.

In the Motion to Strike, Defendant moves under Federal Rule of Criminal Procedure 32 to strike any amendments made to the PSR within thirty-five days before the sentencing hearing. (Doc. 260 at 1). Because Defendant's Motion to Strike is made in the alternative and the Court has granted Defendant's Motion to Continue (Doc. 258), the Court does not reach the merits, if any, of the Motion to Strike. As such, the Motion is **DENIED AS MOOT**, without prejudice, for purposes of continuing the sentencing hearing.

Finally, the Parties are reminded that the Court has an obligation to promptly impose Defendant's sentence without unnecessary delay. *See* Fed. R. Crim. P. 32(b)(1). Thus, no further continuance of this matter will be granted except to prevent manifest injustice upon timely written motions for good cause shown upon grounds not reasonably foreseeable or avoidable by the moving Party or Parties.

**SO ORDERED**, this 23rd day of May 2025.

                                      **/s/ W. Louis Sands**
                                      **W. LOUIS SANDS, SR. JUDGE**
                                      **UNITED STATES DISTRICT COURT**