IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : CASE NO.: 1:23-CR-00023 (WLS-ALS-5) |
| GARRY ALLEN HARRIS, | : |
| | : |
| Defendant. | : |
| | : |

## ORDER

Before the Court is Defendant's Motion to File Psychiatric or Psychological Examination for Sentencing Mitigation Under Seal ("Motion to Seal") (Doc. 276), filed on July 25, 2025. Therein, Defendant requests permission to file a "Motion for Psychiatric or Psychological Examination for Sentencing Mitigation" under seal, as well as any evaluation reports resulting from such evaluation. (Doc. 276.) Defense Counsel, however, filed the motion requesting an evaluation as an attachment to the Motion to Seal so that it was made available publicly. (*See* Doc. 276-1). As such, the Motion to Seal (Doc. 276) the initial filing is **DENIED as moot**.

The Court further concludes that Defendant has not shown good cause to seal the motion. First, Defendant does not provide a particularized description of the "highly sensitive" information which might justify the motion being filed under seal. And second, to the extent Defendant seeks to seal records that don't exist yet, that request is premature. The subject of the motion, standing alone, doesn't justify sealing.

For the Motion for Psychiatric or Psychological Examination for Sentencing Mitigation ("Motion for Evaluation") (Doc. 276-1), Defendant requests that the Court order an evaluation of Defendant, for the purpose of illuminating evidence in mitigation of sentencing. In addition to such evaluation, Defendant specifically requests that a written report be prepared addressing Defendant's mental health status as it relates to sentencing mitigation under 18 U.S.C. § 3553(a) and that a competency hearing be held pursuant to 18 U.S.C. § 4241(d).[1] The Government opposes both requests. (*See* Doc. 277 at 1–8.)

---

[1] The Court notes that it is 18 U.S.C § 4247(d) that governs competency hearings, not 18 U.S.C. § 4241(d), which deals with the procedure for the continued observation and treatment of a defendant after a finding of incompetency.

1

Under 18 U.S.C. § 4241(a), the Court <u>must</u> hold a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *See United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005) (quoting *Pate v. Robinson*, 383 U.S. 375, 385 (1966) (holding that courts "must conduct a competency hearing when there is a 'bona fide doubt' regarding the defendant's competence"). Prior to the competency hearing, the Court <u>may</u> order "a psychiatric or psychological examination of the defendant[.]" 18 U.S.C. § 4241(b).

Based on Defendant's submissions, the Court does not conclude that a psychological/psychiatric examination before a hearing is necessary. Still, because the Motion suggests that Defendant might currently be suffering from a mental disease or defect, the Court will investigate further. Hence the Court will first set a hearing. Then, it will determine whether an examination is justified under the relevant statutes.

The Court will hold a competency hearing pursuant to 18 U.S.C. § 4247(d) where Defendant will be afforded the opportunity to present further evidence, if any, regarding his mental competency. Accordingly, Counsel are hereby **NOTIFIED** that the Court will hold a competency hearing on **Tuesday, September 2, 2025,** at **2:00 P.M.** at the C.B. King United States Courthouse.

Finally, the Court has a duty to promptly impose Defendant's sentence without unnecessary delay. *See* Fed. R. Crim. P. 32(b)(1). The Court previously continued the sentencing hearing in this matter, at Defendant's request, to allow Counsel to attend a state court hearing on Defendant's "motion to void sentence" which Counsel contended might have implications for Defendant's sentence in the present case. (*See* Doc. 261.) The Court will not allow any additional continuances or delays except to prevent manifest injustice based upon good cause on grounds not reasonably foreseeable or avoidable by the moving Party or Parties.

**SO ORDERED**, this 29th day of July 2025.

                                               **/s/ W. Louis Sands**
                                               **W. LOUIS SANDS, SR. JUDGE**
                                               **UNITED STATES DISTRICT COURT**