# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | :   CASE NO.: 1:23-CR-00023 (WLS-ALS-5) |
| GARRY ALLEN HARRIS, | : |
| | : |
| Defendant. | : |
| | : |

## ORDER

Before the Court are three motions filed by Defendant on September 30, 2025: an Emergency Motion to Continue Sentencing Hearing (Doc. 304), an Amended Emergency Motion to Continue Sentencing Hearing (Doc. 305), and an Emergency Motion to Correct the Record as to Final PSR for Sentencing Hearing and Motion for Continuance (Doc. 307).[1] Defendant, through his counsel, moves to continue the sentencing hearing in his case currently scheduled for Thursday, October 2, 2025. In the first two Motions (Docs. 304 & 305), Defense Counsel states that a continuance is warranted because the United States Probation Office (USPO) and the officer assigned to this case did not provide a final Presentence Investigation Report (PSR) to counsel within seven days of the sentencing hearing, as required by Federal Rule of Criminal Procedure 32(g). However, a review of the Docket shows that the Final PSR (Doc. 301), including an addendum, was in fact timely filed on Thursday, September 25, 2025, within seven days of the hearing.

Notwithstanding the fact that the Final PSR was timely filed and made available on the Record last week, Counsel contends in the third Motion (Doc. 307) that she did not receive an email notification of the filing of the Final PSR on September 25, 2025, and that due to the Court's recently issued Standing Order 2025-02,[2] she has not received a copy of the filing as of the filing of the instant Motion. Thus, Counsel maintains that a continuance is necessary.

---

[1] The Government filed a Response (Doc. 306) to the first two Motions, wherein the Government objects to a continuance of the sentencing hearing.

[2] On September 24, 2025, Chief Judge Gardner signed Standing Order 2025-02 re: Procedures for Access and Management of Sealed Documents, wherein sealed documents are no longer accessible via the ECF system.

1

The Court disagrees. First, had Counsel checked the Docket on September 25, 2025, she would have seen that the Final PSR was timely filed and accessible through ECF. The document remained accessible via the ECF system until September 29, 2025. Second, the Court was made aware, via communications received by the Courtroom Deputy, that USPO forwarded a copy of the Final PSR to Counsel earlier today, September 30, 2025, once it was made aware that Counsel's access to the document was now restricted. Finally, the Court notes that Rule 32 was not violated in this case as USPO properly and timely filed the Final PSR, providing access to both the Parties and the Court, within seven days of the sentencing hearing.

As such, the Court does not find good cause to continue the sentencing hearing in this case. Accordingly, Defendant's Motions (Docs. 304, 305, & 307) are **DENIED**. The Court will proceed with the hearing on the issue of sentencing enhancement under 21 U.S.C. § 851 on **October 2, 2025, at 11 A.M.** and the sentencing hearing scheduled for **October 2, 2025, at 12 P.M.** at the **C.B. King United States Courthouse.**

**SO ORDERED**, this 30th day of September 2025.

                                           **/s/ W. Louis Sands**
                                           **W. LOUIS SANDS, SR. JUDGE**
                                           **UNITED STATES DISTRICT COURT**

---

Pursuant to Standing Order 2025-02, a party with the right to access a sealed document in a case who requires a copy of a sealed document will have to contact the Clerk's Office to request a paper copy. These new procedures went into effect on September 29, 2025.